UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

**JIFFY-TITE COMPANY, A NEW YORK CORPORATION,**

      **Plaintiff,**

vs.

**AUTOCAM CORPORATION, A MICHIGAN CORPORATION,**

      **Defendant.**

Case No.

Hon.

Sheldon H. Klein (P41062)
BUTZEL LONG
Stoneridge West
41000 Woodward Ave
Bloomfield Hills, Michigan  48304
(248) 258-1616
klein@butzel.com
Attorneys for Plaintiff JIFFY-TITE COMPANY

## COMPLAINT

Plaintiff JIFFY-TITE COMPANY ("Jiffy-tite") complains as follows:

### JURISDICTION AND VENUE

1. Jiffy-tite is a New York corporation with its principal place of business in Lancaster, New York.

2. NN, Inc. ("NNI") is a Delaware corporation with its principal place of business in Johnson City, Tennessee.  On information and belief, NNI is a successor by merger to Autocam Corporation ("Autocam"), a Michigan corporation with its principal place of business in

Kentwood, Michigan. The merger occurred on or about September 2, 2014. NNI and Autocam will be referred to collectively as "NN."

3. The amount in controversy exceeds $75,000.

4. This Court has subject matter jurisdiction over the claim pursuant to 28 USC § 1331.

5. NN is a resident of this District. Further, a substantial part of the events or omissions giving rise to the claim occurred in this District. Therefore, venue is proper pursuant to 28 USC § 1391.

6. This Court has personal jurisdiction over NN because of, *inter alia*, its ownership and operation of Autocam's facilities within this State.

## BACKGROUND FACTS

7. Jiffy-tite is, *inter alia*, a manufacturer and merchant of certain parts and systems for use in the automotive industry.

8. NN is, *inter alia*, a manufacturer and merchant of high precision metal components for use in the automotive industry.

9. On or about October 11, 2013, Jiffy-tite contracted with Autocam for the purchase of certain Support Assemblies, Part # 051914 (the "Parts"), pursuant to Purchase Order No. 77758 (the "PO"). The PO is attached as **Exhibit A**. The PO expressly incorporated Jiffy-tite's Supplier Quality Manual ("Quality Manual"), attached as **Exhibit B**. The PO and Quality Manual will be collectively referred to as the "Agreement".

10. The Agreement provided, *inter alia*, that "Suppliers have the responsibility to provide goods and services that meet all quality requirements. The supplier will be held financially

responsible for any non-compliance resulting in losses to Jiffy-tite Company or its customers." (Quality Manual § 2.1).

11. Jiffy-tite purchased the Parts for incorporation into a system that General Motors (GM) purchased from Jiffy-tite.  NN was aware of that purpose.

12. On or about June 24, 2015, GM informed Jiffy-tite that the Parts were rusted because of a non-conforming surface finish.  Jiffy-tite subsequently investigated and confirmed GM's statements that Parts shipped to GM and Parts still in Jiffy-tite's possession were rusting and non-conforming.

13. On or before July 11, 2015, Jiffy-tite notified NN that the surface finish was out of spec and sent photos, surface finish measurements and 5 samples that were non-conforming to NN.

14. On July 15, 2015, Jiffy-tite acknowledged that the samples were non-conforming.

15. GM pursued and obtained a substantial recovery from Jiffy-tite for losses caused by the non-conforming parts.

16. NN has failed and refused to compensate Jiffy-tite for the amounts paid to GM and other losses incurred by Jiffy-tite on account of the non-conforming Parts.

## COUNT 1:  BREACH OF EXPRESS WARRANTY

17. Jiffy-tite repeats and incorporates the preceding allegations.

18. NN expressly warranted that the Parts would conform to the specifications.

19. NN's express warranty was part of the basis of the bargain between the parties.

20. NN breached its express warranty by supplying Jiffy-tite with non-conforming Parts.

21. Jiffy-tite has been damaged because of NN's breach.

## COUNT 2:  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

22. Jiffy-tite repeats and incorporates the preceding allegations.

23. NN impliedly warranted that the Parts would be merchantable.

24. NN breached its implied warranty by supplying Jiffy-tite with unmerchantable Parts.

25. Jiffy-tite has been damaged because of NN's breach.

## COUNT 3:  COMMON LAW INDEMNITY

26. Jiffy-tite repeats and incorporates the preceding allegations.

27. Jiffy-tite has incurred liability to GM because of NN's breach by operation of law and without fault by Jiffy-tite.

28. NN has a common law obligation to indemnify Jiffy-tite with respect to the liability incurred by Jiffy-tite to GM.

WHEREFORE, Plaintiff Jiffy-tite Company requests that it be awarded all damages incurred by Jiffy-tite on account of NN's breach, that NN be ordered to indemnify Jiffy-tite for its liability incurred to GM and that the Court grant it all further relief that the Court finds just.

Respectfully submitted

BUTZEL LONG

By: /s/ Sheldon H. Klein
   Sheldon H. Klein (P41062)
   Attorneys for Plaintiff JIFFY-TITE COMPANY
   Stoneridge West
   41000 Woodward Ave
   Bloomfield Hills, Michigan  48304
   (248) 258-1616
   klein@butzel.com

Dated:      February 7, 2017